UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICARDO CLEO PRUETT,

              Plaintiff,

v.

Case No. 25-CV-1461-JPS

MILWAUKEE POLICE
DEPARTMENT, OFFICER
WILLIAMS, and OFFICER
RODRIGUEZ,

**ORDER**

              Defendants.

**1.    INTRODUCTION**

In September 2025, Plaintiff Ricardo Cleo Pruett ("Pruett"), an inmate currently confined at the Milwaukee County Jail, filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. He additionally moved for leave to proceed without prepaying the filing fee. ECF No. 2. This Order screens the Pruett's complaint and grants his motion for leave to proceed without prepayment of the filing fee.

**2.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing

fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On October 31, 2025, the Court ordered Pruett to pay an initial partial filing fee ("IPFF") of $10.00. ECF No. 10. Before and after that time, Pruett filed two trust account statements and other letters discussing his lack of financial means. ECF Nos. 6, 9, 11, 12, 13.

A court may not dismiss the lawsuit of a prisoner who lacks the ability to pay an initial partial filing fee. *See* 28 U.S.C. §1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). "But if the court finds that the prisoner 'is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action.'" *Thomas v. Butts*, 745 F.3d 309, 312 (7th Cir. 2014) (quoting *Wilson v. Sargent*, 313 F.3d 1315, 1321 & n.7 (11th Cir. 2002); other citations omitted).

Based on Pruett's trust account statements and recent communications, the Court will waive the initial partial filing fee. The Court is satisfied that Pruett has not intentionally depleted his account to avoid payment. As such, the Court will waive the initial partial filing fee. Further, the Court will grant Pruett's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the filing fee over time in the manner explained at the end of this Order.

3.     **SCREENING STANDARD**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must

dismiss a complaint if the prisoner raises claims that are legally "frivolous" or "malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A "frivolous" complaint "lack[s] an arguable basis either in law or fact." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A complaint is *factually* frivolous if its allegations are "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." *Id.* (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). Allegations that are merely "unlikely," "improbable," or "strange" do not meet this standard. *Id.* (quoting *Denton*, 504 U.S. at 33). A claim is *legally* frivolous if it is "based on an indisputably meritless legal theory." *Id.* (quoting *Neitzke*, 490 U.S. at 327–28). "A malicious complaint is one brought for purposes of harassment." *Heard v. Blagojevich*, 216 F. App'x 568, 570 (7th Cir. 2007) (quoting *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003)).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

4. **FACTUAL ALLEGATIONS**[1]

On August 27, 2025, Pruett was staying at Marshall High School in Milwaukee, which was hosting a Red Cross assistance site due to recent flooding in the area. ECF No. 1 at 2. Officers Williams and Rodriguez of the Milwaukee Police Department ("MPD") came to the high school and grabbed Pruett. *Id.* Pruett speculates that a call was made to the police but does not know why Officers Williams and Rodriguez took him. *Id.* Pruett tried to ask them questions but the officers did not answer, told Pruett to "shut the f up," and "act[ed] crazy." *Id.* at 2. The officers put him in a police

---

[1] After filing his complaint, Pruett submitted several letters that relate to his allegations. ECF Nos. 5, 6-1, 8, 11. These filings are not considered part of the complaint, and the Court has disregarded them for purposes of screening. *Brown v. Uhl*, No. 22-CV-131-JPS, 2022 WL 3043039, at *1 (E.D. Wis. Aug. 2, 2022) ("Complaints may not be amended in a piecemeal fashion . . . ." (citing *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994))). The Court previous warned Pruett about this and he has not sought to amend his complaint. ECF No. 7 at 2.

car and took him to a hospital, despite Pruett telling them that he was not sick. *Id.* at 2–3.

Once the police car arrived at the hospital, the officers opened the door and "[began] to walk away." *Id.* at 3. Pruett avers that he "never ran from the officer[s]." *Id.* But as he "walk[ed] away," he heard a pop sound and was hit twice by Officer Rodriguez's taser. *Id.* Pruett passed out. *Id.* At some point he told Officer Rodriguez that he has asthma but Officer Rodriguez continued tasing him, called him expletives, and put his knees on Pruett's neck and back. *Id.* Pruett was then taken into the hospital. *Id.*

For relief, Pruett seeks monetary damages and for the Court to help him access anger management classes. ECF No. 1 at 4. He also asks the Court to "dismiss all [his] case[s] from 2024." *Id.* This could be a reference to Pruett's charges in three state cases: an open case (*State of Wisconsin v. Ricardo Courtez Pruett*, Milwaukee Cnty. Cir. Ct. Case No. 2025CF004064, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2025CF004064&countyNo=40&index=0&mode=details (last visited Jan. 5, 2025) (hereinafter "2025 State Case"); or two closed cases (*State of Wisconsin v. Ricardo Courtez Pruett*, Milwaukee Cnty. Cir. Ct. Case No. 2023CF005878, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2023CF005878&countyNo=40&index=0&mode=details (last visited Jan. 5, 2025), and *State of Wisconsin v. Ricardo Courtez Pruett*, Milwaukee Cnty. Cir. Ct. Case No. 2022CM002176, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2022CM002176&count

yNo=40&index=0&mode=details (last visited Jan. 5, 2025)).[2] In the 2025 State Case, a criminal complaint was filed against him on August 29, 2025, two days after the events alleged in his complaint in this case. 2025 State Case, Aug. 29, 2025 docket entry.

5.  ANALYSIS

The Court discerns the following potential claims in Pruett's complaint:

- A Fourth Amendment claim for an unlawful seizure against Officers Williams and Rodriguez; and
- A Fourth Amendment excessive force claim against Officers Williams and Rodriguez.

The Court examines each claim in turn.

### 4.1 Unlawful Seizure Claim

"A person is seized by authorities when a reasonable innocent person would not feel free to leave." *Molina v. Latronico*, 430 F. Supp. 3d 420, 434 (N.D. Ill. 2019) (citing *United States v. Drayton*, 536 U.S. 194, 200–02 (2002)); *see also Bentz v. City of Kendallville*, 577 F.3d 776, 779 (7th Cir. 2009) ("We have also referred to a seizure for Fourth Amendment purposes as 'an intentional limitation of a person's freedom of movement.'" (quoting *Bielanski v. County of Kane*, 550 F.3d 632, 637 (7th Cir. 2008))). Meanwhile, "[a]n unlawful arrest occurs when a person is seized by police without probable cause." *Hardrick v. City of Bolingbrook*, 522 F.3d 758, 762 (7th Cir. 2008) (quoting *A.M. v. Butler*, 360 F.3d 787, 798 (7th Cir. 2004) and citing *Jenkins v. Keating*, 147 F.3d 577, 583 (7th Cir. 1998)). An arrest is just "one flavor of seizure; a seizure ripens into 'an arrest when a reasonable person

---

[2]The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest.'" *Molina*, 430 F. Supp. 3d at 434 (quoting *United States v. Ienco*, 182 F.3d 517, 523 (7th Cir. 1999)).

While "[a]rrests must be supported by probable cause, . . . lesser seizures need only be supported by reasonable suspicion." *Id.* (citing *United States v. Lopez*, 907 F.3d 472, 478 (7th Cir. 2018)). Officers generally have probable cause for an arrest when they know about facts and circumstances that would allow a reasonable police officer to suspect that a crime had been committed, is being committed, or is about to be committed. *See Rooni v. Biser*, 742 F.3d 737, 740 (7th Cir. 2014) (citing *Chelios v. Heavener*, 520 F.3d 678, 686 (7th Cir. 2008) and *Wagner v. Washington County*, 493 F.3d 833, 836 (7th Cir. 2007) (per curiam)).

It is not yet clear whether Pruett alleges a lesser seizure or a formal arrest. The distinction is a question of fact, *see United States v. Olson*, 41 F.4th 792, 799 (7th Cir. 2022), and it matters because the legal basis required to seize Pruett changes depending on the nature of the seizure. But in any event, Pruett alleges that he was either detained without reasonable suspicion or arrested without probable cause on August 27, 2025. This is enough to proceed on a Fourth Amendment unlawful seizure claim.

The Court notes that Pruett's Fourth Amendment unlawful seizure claim may be subject to a stay under *Younger v. Harris*, 401 U.S. 37 (1971). The doctrine of *Younger v. Harris* "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010) (citing *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007)). *Younger* abstention reflects "the basic principles of

equity, comity, and federalism." *Id.* "There are three exceptions to the rule requiring abstention: (1) the state proceeding is motivated by a desire to harass or is conducted in bad faith, (2) there is an extraordinarily pressing need for immediate equitable relief, or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions." *Harris v. Ruthenberg*, 62 F. Supp. 3d 793, 799 (N.D. Ill. 2014) (citing *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 664 (7th Cir. 2007)).

*Younger* abstention might arise in this case because Pruett (1) may have been arrested on August 27, 2025 pursuant to the charges that were eventually filed in the 2025 State Case and (2) expressly seeks the Court's intervention in the 2025 State Case, which is currently open and ongoing, by requesting dismissal of his criminal charges.[3] Adjudicating the Fourth Amendment unlawful seizure claim in his favor could imply that his arrest in the 2025 State Case was invalid, which in turn could imply that evidence gathered after that arrest is subject to suppression. Doing so would deprive the state court of the opportunity to decide evidentiary issues in the first instance. And dismissing the 2025 State Case charges, as Pruett requests, would displace the state court's authority to decide whether the charges are appropriate. Either action would disrupt the 2025 State Case significantly and undermine *Younger*'s concerns for comity and federalism. Because it is not clear based on the complaint whether Pruett is actually challenging some aspect of the 2025 State Case, the Court will leave resolution of the *Younger* issue for a later time, and invites motion practice on this topic if appropriate. For now, the Court will permit Pruett to proceed on a Fourth

---

[3] If Pruett instead seeks expungement of the charges in the closed 2022 and 2023 cases, such relief would be inappropriate on the facts alleged in this case, which clearly have nothing to do with those cases.

Amendment unlawful seizure claim against Officers Williams and Rodriguez.

**4.2 Excessive Force Claim**

"[T]he Fourth Amendment prohibits the use of excessive force during the execution of a seizure . . . ." *Jacobs v. City of Chicago*, 215 F.3d 758, 773 (7th Cir. 2000) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). "To establish a claim of excessive force under the Fourth Amendment, [a] plaintiff[] must show 1) there was a seizure, and 2) the seizure was objectively unreasonable." *Boone v. City of Milwaukee*, No. 08-C-0167, 2011 WL 4472845, at *2 (E.D. Wis. Sept. 26, 2011) (citing *Campbell v. White,* 916 F.2d 421, 423 (7th Cir. 1990)).

Pruett alleges that Officers Williams and/or Rodriguez tased him and physically handled and restrained him in a way that caused him emotional, mental, and/or physical harm. This is sufficient at the screening stage to state a Fourth Amendment excessive force claim.[4]

**6. CONCLUSION**

As explained above, Pruett may proceed on the following claims:

---

[4] Pruett's allegations pertain only to actions by Officers Williams and Rodriguez; he does not allege any institutional wrongdoing as a result of MPD policy or practice. The Court reads the complaint as referencing MPD as a modifier to Officers Williams and Rodriguez's titles. *See* ECF No. 1 at 1–2. Accordingly, the Court believes that the Clerk of Court mistakenly added MPD as a standalone defendant, and will direct the Clerk of Court to terminate MPD as a defendant on the docket. Doing so does not affect Pruett's ability to recover from Officers Williams and Rodriguez in their individual capacities. *See, e.g., Kimbrew v. Evansville Police Dep't*, 867 F. Supp. 818, 828 (S.D. Ind. 1994) ("[I]t is difficult to presume that Walter Kimbrew intended to redundantly implicate the City of Evansville four times over. It is much more logical to presume that Walter Kimbrew named three of the four officers involved in his arrest because he felt they individually had done him some wrong.").

- A Fourth Amendment claim for an unlawful seizure against Officers Williams and Rodriguez; and
- A Fourth Amendment excessive force claim against Officers Williams and Rodriguez.

The Court will grant Pruett's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, and additionally will waive the initial partial filing fee required in the Court's prior order, ECF No. 10. Pruett is still responsible for paying the entire filing fee over time as explained below.

Pursuant to Federal Rule of Civil Procedure 4(c)(3), the Court will order the U.S. Marshals Service to serve a copy of the complaint and this Order on Defendants Officers Williams and Rodriguez, who shall respond to the amended complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff Ricardo Cleo Pruett's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the initial partial filing fee required by the Court's prior order, ECF No. 10, be and the same is hereby **WAIVED**;

**IT IS FURTHER ORDERED** that the Clerk of Court terminate Milwaukee Police Department as a Defendant from this action;

**IT IS FURTHER ORDERED** that that the U.S. Marshals Service shall serve a copy of the complaint, ECF No. 1, and this Order upon Defendants **Officer Williams and Officer Rodriguez** pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals

Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants Officer Williams and Officer Rodriguez shall respond to the complaint;

**IT IS FURTHER ORDERED** that if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 5th day of January, 2026.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

> Plaintiff will be required to submit all correspondence and legal material to:
>
> > Office of the Clerk
> > United States District Court
> > Eastern District of Wisconsin
> > 362 United States Courthouse
> > 517 E. Wisconsin Avenue
> > Milwaukee, Wisconsin 53202
>
> **DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.
>
> Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.