# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**RICARDO CLEO PRUETT, JR.**,

     Plaintiff,

  **v.**                         **Case No. 25-CV-1461**

**OFFICER WILLIAMS, *et al.*,**

     Defendants.

---

## ORDER

---

On January 5, 2026, District Judge J.P. Stadtmueller screened *pro se* plaintiff Ricardo Cleo Pruett, Jr.'s complaint and allowed him to proceed on an unlawful seizure claim and an excessive force claim, both pursuant to the Fourth Amendment, against defendants Officer Williams and Officer Rodriguez. (ECF No. 14.) On February 4, 2026, the defendants moved to stay the case, arguing that the court must abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Also on February 4, 2026, the defendants consented to the jurisdiction of this court, and the case was reassigned based on the consent of both parties. (ECF No. 25.)

On August 27, 2025, Pruett was detained by the defendants for reasons unknown to him. (ECF No. 1 at 2.) They took Pruett to a hospital despite Pruett not being sick. (*Id.* at 3.) When they arrived at the hospital, Pruett attempted to walk away from the officers, at which point he was twice tased by Rodriguez. (*Id.*) Rodriguez continued to repeatedly

tase Pruett and put his knee on his neck and back. (*Id.*) Pruett was then taken inside the hospital. (*Id.*)

The defendants assert that the officers seized Pruett in conjunction with a criminal investigation related to a "past sexual assault." (ECF No. 22 at 1.) They were transporting Pruett to the hospital for DNA collection when Pruett broke free and ran from them. (*Id.* at 1-2.) After that incident, on August 27, 2025, Officer Rodriguez created an arrest report and probable cause statement. (*Id.* at 3.) On August 29, 2025, Pruett was charged in Milwaukee County Circuit Court case number 2025CF4064 with second degree assault of a mentally ill victim; violating the sexual offender registration requirement; and resisting or obstructing an officer. (*Id.*) On December 4, 2025, a preliminary hearing was held and the court found probable cause to support the charges and bound Pruett over for trial. (*Id.*) The case is still pending before the Milwaukee County Circuit Court. *See* https://wcca.wicourts.gov

Under *Younger*, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (2013). Pruett's claims fall within this requirement because "they involve constitutional issues that may be litigated during the course of his criminal case." *Id.* Pruett seeks monetary damages, but such relief is unavailable in defense of his criminal charges. As such, because Pruett's claims could become time-barred under the applicable statute of limitations while his criminal case is pending, instead of dismissing this case the court will stay it until the state criminal case is resolved (including any

2

appeals in Wisconsin state courts). *Id.* The court will also administratively close this matter in the interim.

Pruett must file a letter with the court **every 90 days** providing updates on the status of his criminal case. If he does not, the court may dismiss this matter. Pruett must further notify the court **within 90 days** of the conclusion of his criminal matter and/or post-conviction proceedings and request removal of the stay.

Also pending are two motions to appoint counsel and a motion for final settlement. (ECF Nos. 16, 32, 33.) The court will deny these motions as moot. If the stay is lifted, Pruett may refile them at that time. Also, if Pruett files any motions unrelated to removing the stay during the pendency of his criminal case, the court will deny them via text only order without further comment.

**IT IS THEREFORE ORDERED** that the defendants' motion to stay (ECF No. 21) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **STAYED** pending the conclusion of Pruett's state criminal court proceedings.

**IT IS FURTHER ORDERED** that Pruett shall provide updates of the status of the state court proceedings every **90 days** from the date of this order. Failure to do so may result in dismissal of this case.

**IT IS FURTHER ORDERED** that Pruett shall notify the court and move to lift the stay within **90 days** of the conclusion of his state court proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court administratively close this case.

**IT IS FURTHER ORDERED** Pruett's motions to appoint counsel (ECF Nos. 16, 33) and motion for final settlement (ECF No. 32) are **DENIED as moot**.

Dated in Milwaukee, Wisconsin this 1st day of June, 2026.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

4